Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5693 | **DATE** | 4/20/2004 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs JENKENS & GILCHRIST, P.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. We have reviewed the pertinent memoranda and the opinions here referred to, and we are persuaded by those opinions that the identity of the clients is not subject to the attorney-client privilege. The motion to dismiss, to the extent it relies upon attorney-client privilege, is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | APR 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | 31 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| | LG courtroom deputy's initials | | 2004 APR 20 PM 5:00 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 03 C 5693 |
| | ) | |
| JENKENS & GILCHRIST, P.C., a professional corporation, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
APR 21 2004

## MEMORANDUM OPINION AND ORDER

The government seeks to compel respondent, a law firm, to disclose the identity of hundreds of clients who engaged in certain tax strategies. Respondent moved to dismiss and to quash because, among other reasons, it contends that the disclosure would violate the attorney-client privilege.

The identity of clients is not normally privileged, but it can be in some circumstances – but those are narrow circumstances indeed, as the Seventh Circuit pointed out in United States v. BDO Seidman, 337 F.3d 802 (7th Cir. 2003). Respondent has sought to analogize its situation to those narrow circumstances, contending that BDO Seidman is distinguishable for several reasons. Since its memorandum was filed, two judges have issued opinions rejecting those reasons. Most comparable is United States v. Sidley Austin Brown & Wood LLP, 03 C 9355 (N.D.Ill. 4/15/04), authored by my colleague, Judge Matthew F. Kennelly, because the respondent there was also a law firm seeking to protect the identity of clients engaged in similar tax strategies. Similar arguments were advanced, moreover, in John Doe I v. KPMG L.L.P., 03 C 2036 (N.D.Tex. 4/12/04), and just as soundly rejected by Judge Barefoot Sanders.

31

We have reviewed the pertinent memoranda and the opinions here referred to, and we are persuaded by those opinions that the identity of the clients is not subject to the attorney-client privilege. The motion to dismiss, to the extent it relies upon attorney-client privilege, is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 20, 2004.